IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE WYATT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1653 |
| | § | |
| TEXAS BOARD OF PARDONS | § | |
| AND PAROLES, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Eugene Wyatt (former TDCJ #742744; former Iowa Dept. Corr. #64250), also known as Eugene Terrell Wyatt, has filed a motion for a preliminary injunction against the enforcement of certain conditions imposed upon his supervised release from prison by the Texas Board of Pardons and Paroles. (Docs. # 1, # 2). Because Wyatt seeks relief from restrictive conditions of parole, his motion for injunctive relief is construed as a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Exhibits attached to the complaint show that Wyatt was convicted of aggravated robbery on February 12, 1996, in Harris County cause number 685975. (Doc. # 1). In that case, Wyatt received a sentence of fifteen years' imprisonment in the Texas Department of

Criminal Justice - Correctional Institutions Division.  Prior to that time, Wyatt discloses that he had at least two other felony convictions for theft and forgery from the State of Iowa. (Doc. # 1, Exhibit A).

Wyatt reports that he was released from prison onto parole recently under certain conditions imposed by the Texas Board of Pardons and Paroles.  Wyatt objects that he has been required to comply with "Condition X."  Wyatt does not provide any facts describing the requirements found in Condition X and he does not supply any details demonstrating how these unspecified requirements have resulted in a hardship.  Wyatt merely alleges that he will suffer "irreparable harm" if he has to comply with the restrictions of this condition.  In support of that claim, he attaches an invoice showing that he paid $25.00 to attend a counseling session on January 17, 2009, at the New Lite Counseling Center in Houston. (Doc. # 1, Exhibit B).

Wyatt appears to argue that the Texas Board of Pardons and Paroles has imposed Condition X in violation of his right to due process.  He seeks a preliminary injunction to enjoin the Texas Board of Pardons and Paroles from requiring him to comply with this particular condition of his supervised release.  It appears from the pleadings that Wyatt has not yet presented his claims in state court and that the Texas Court of Criminal Appeals has not addressed the issues raised in the petition.  Because the state's highest court of criminal jurisdiction has not yet reviewed the claims, the pending petition must be dismissed for reasons that follow.

## II.    DISCUSSION

The Court pauses briefly to consider the source of its jurisdiction.  Wyatt, who proceeds *pro se* and *in forma pauperis*, has filed a motion for relief in the form of a preliminary injunction.  (Doc. # 1).  Based on the authority cited in Wyatt's motion, he appears to seek injunctive relief under the federal habeas corpus statutes found at 28 U.S.C. § 2254, which govern review of state court judgments.  (Doc. # 1, Exhibit C).  Although Wyatt has been released from prison, he has not discharged his sentence or the term of his parole.  Therefore, he is "in custody" for purposes of federal habeas corpus review.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C.

§ 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction and sentence by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Wyatt does not indicate what steps, if any, he has taken to challenge the conditions of his parole in the trial court that imposed his fifteen-year sentence.  Likewise, Wyatt does not allege or show that he has raised the questions presented in this proceeding by submitting a state habeas corpus application under Article 11.07 of the Texas Code of Criminal

Procedure, which is available to challenge whether conditions of early release were imposed without due process. *See Ex parte Campbell*, 267 S.W.3d 916 (Tex. Crim. App. 2008); *see also Ex parte Wood*, 125 S.W.3d 805 (Tex. App. — Texarkana 2004, no pet.) (dismissing for lack of jurisdiction a petitioner's request to enjoin the parole board from imposing certain conditions and explaining that the petitioner was required to present his claims in a post-conviction habeas corpus application pursuant to Article 11.07). Public records confirm that Wyatt has not filed any recent habeas corpus petition or application to challenge the conditions imposed upon his parole with the Texas Court of Criminal Appeals. *See* Texas Court of Criminal Appeals, Case Search, at www.cca.coiurts.stat.tx.us (last visited June 8, 2009).

From this record, it appears clear that the Texas Court of Criminal Appeals has not reviewed the issues raised in the pending petition for relief. Because state process remains available, Wyatt does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for a preliminary injunction (Docs. # 1, # 2) is **DENIED**.

5

2.      This case is **DISMISSED WITHOUT PREJUDICE** for failure of the

petitioner to exhaust all available remedies on all his claims to the state's

highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3.      The order setting this case for an initial pretrial scheduling conference (Doc.

# 4) is **VACATED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on June 9th, 2009.

Nancy F. Atlas
United States District Judge

6